THE STATE, SAMUEL LOCKER ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF SOUTH AMBOY ET AL.

Submitted March 28, 1898—Decided June 13, 1898.

1. An ordinance requiring work to be done at the expense of property-owners must be unambiguous as to what is so required.
2. The Borough act of 1897 (*Pamph. L.*, *p.* 285) does not provide for constructive notice to property-owners of a hearing upon ordinances for the construction of sidewalks at their expense.
3. In the absence of such provision it must appear in the proceedings or by proof that reasonable actual notice and opportunity to be heard were given property-owners prosecuting a *certiorari* to set aside such an ordinance or the ordinance will fail.
4. Under said act such an ordinance must in itself provide for allowing owners of abutting property at least thirty days' time to do the work required and for giving them notice in a prescribed way. Failing such provision the ordinance will be set aside.

On *certiorari.*

The owners of land fronting on Broadway, between Portia and Main streets, in the borough of South Amboy, by their *certiorari* in this case, attack an ordinance of that borough passed June 15th, 1897, as follows:

"An ordinance to regulate, regrade, recurb, reconstruct, reflag, regutter, repair and improve the sidewalks and gutters of Broadway, in the borough of South Amboy, from Portia street, in a northwesterly direction, to Main street.

"Section 1. *Be it ordained by the mayor and council of the borough of South Amboy,* That the sidewalks on both sides

of Broadway, in said borough, from Portia street to Main street, at the expense of the several owner or owners of the property or premises in front of, before and adjoining said sidewalks, be constructed to a width not less than one-fifth of the width of said street, measured between building lines, on each side thereof, and to reflag or repave said sidewalks with flagstone to a width of four feet in the centre of said sidewalks, and to repave gutters to a width of two feet with Belgian blocks, in a good and substantial manner, said work to be completed within thirty days from the date of notification to comply with said ordinance; said street lines, gutter lines, curb lines, grades and cross sections shall correspond with the lines, grades and cross sections established by the mayor and council of the borough of South Amboy and filed in the office of the street commissioner.

"Section 2. *Be it ordained,* That all ordinances or parts of ordinances inconsistent with this ordinance be and the same are hereby repealed, and that this ordinance shall take effect on the eighth day of July, A. D. one thousand eight hundred and ninety-seven."

Before Justices DIXON and COLLINS.

For the prosecutors, *Aaron E. Johnston.*

For the defendants, *H. Brewster Willis.*

The opinion of the court was delivered by

COLLINS, J. This ordinance cannot be sustained. It is impossible to ascertain from its terms what work is to be done at the expense of the property-owners, whether all or a part only. The prosecutors contend that gutters are no part of a sidewalk, and as authority of law for compulsory construction at their expense extends only to sidewalks they have a right to be informed in unambiguous language of the purpose of the borough government in that regard.

Further than this a fatal defect inheres in the proceedings in that no actual notice was given to property-owners of the intention to pass such an ordinance. This court has recently decided that in the absence of any provision of law for constructive notice of hearing on a proposed ordinance of the character of that before us, reasonable actual notice and opportunity to be heard must be given the property-owners. *Landis* v. *Vineland,* 31 *Vroom* 265. It is needless to reiterate here the reasoning of the learned justice who wrote the opinion in that case, supported as it is by abundant authority. The power attempted to be exercised is judicial in character and implies previous notice and hearing.

In the law now governing all boroughs, which took effect April 24th, 1897 (*Pamph. L.*, *p.* 285), there is, indeed, provision for constructive notice in cases of street improvements (§§ 53, 54), but it does not extend to ordinances providing for the construction of sidewalks. Those seem to have been left designedly to the safer and surer requirement of actual notice.

If actual notice to the prosecutors were proved the ordinance would still be defective, because it does not fulfill the requirements of section 50 of the act cited. That section directs that such an ordinance shall provide for allowing the abutting owners at least thirty days' time in which to perform the work required thereby, and for giving them written notice of the required work, as prescribed by said section. It is not enough that such notice be given. The ordinance must provide therefor.

The ordinance under review will be wholly set aside, with costs to the prosecutors.